IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:20-CR-186 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| DANIELLE TAFF, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

## Table of Contents

INTRODUCTION ................................................................................................. 1

PROCEDURAL BACKGROUND ........................................................................2

ADVISORY GUIDELINES RANGE .................................................................... 2

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 6 TO 12 MONTHS............ 7

CONCLUSION...................................................................................................... 9

## INTRODUCTION

Defendant abused her official position and access as a paralegal with the United States Attorney's Office when she photographed numerous sensitive, non-public documents and provided the photographs to a third party. As a result of Defendant's conduct, two law enforcement cooperators were publicly outed as such on Facebook, causing risk to the cooperators and a delay in court proceedings. The government recommends that the Court impose a sentence of 12 months' imprisonment, which is at the high end of the United States Sentencing Commission's guidelines range of 6 to 12 months.

1

## PROCEDURAL BACKGROUND

On November 6, 2020, the government filed an Information charging Defendant with one count of fraud and related activity in connection with computers, in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and 1030(c)(2)(B)(ii)-(iii). The same day, pursuant to a plea agreement, Defendant pleaded guilty to Count 1 of the Information.

## ADVISORY GUIDELINES RANGE

### A.  Sentencing Guidelines Stipulations

Pursuant to the plea agreement between Defendant and the government, the parties have agreed that the United States Sentencing Guidelines (U.S.S.G.), Section 2B1.1 controls the calculation of the applicable advisory sentencing guidelines range, and that the applicable Base Offense Level is 6. U.S.S.G. § 2B1.1(a)(2); Dkt. 10, *Plea Agreement and Factual Basis*, at 5. The parties further stipulated that the offense involved a computer system used by a government entity in furtherance of the administration of justice, thereby warranting a two-level increase pursuant to U.S.S.G. § 2B1.1(b)(19)(A)(i). Dkt. 10, at 5. Finally, the parties stipulated that Defendant abused her position of trust in committing the offense, resulting in a two-level increase pursuant to U.S.S.G. § 3B1.3. *Id.*

### B.  Enhancement for Unauthorized Public Dissemination of Personal Information

The government agrees with the United States Probation Office (USPO) that the offense involved the unauthorized public dissemination of personal information and that as a result, Defendant's offense level is increased by two levels pursuant to

U.S.S.G. § 2B1.1(b)(18)(B). Dkt 21, *Final Presentencing Report*, ¶ 29. "Personal information" is defined as "sensitive or private information involving an identifiable individual (including such information in the possession of a third party), including (A) medical records; (B) wills; (C) diaries; (D) private correspondence, including e-mail; (E) financial records; (F) photographs of a sensitive or private nature; or (G) *similar information.* U.S.S.G. § 2B1.1, cmt. n.1 (emphasis added). Section 2B1.1(b)(18) implements the directive of Pub. L. 110-326 § 209, which calls for the Sentencing Commission to take into account a number of factors, including "[t]he extent to which the offense violated the privacy rights of individuals" and "[t]he effect of the offense upon the operations of an agency of the United States Government." *Id.*

While the Eighth Circuit has yet to squarely address the circumstances under which the 2B1.1(b)(18) enhancement applies, courts have generally adopted a broad view of what constitutes "personal information." *See, e.g.*, *United States v. Chew*, 804 F. App'x 492, 495 (9th Cir. 2020) (holding that dates of birth, financial account information, and social security numbers constitute personal information); *United States v. Eubanks*, 753 F. App'x 806, 811 (11th Cir. 2018) (holding that email account log-in credentials and payroll information of others constitute personal information); *United States v. Buchanan*, 586 F. App'x 145, 146 (4th Cir. 2014) (holding that a password for, and access to, another's social media constitutes personal information), *United States v. Onenese*, 542 F. App'x 427, 429 (5th Cir. 2013), as revised (Oct. 25, 2013) (holding that birthdates, social security numbers, and addresses constitute

personal information); and *United States v. Williams*, 355 F.3d 893, 899 (6th Cir. 2003) (holding that and addresses constitute personal information).

The government submits that the identification of an individual as a law enforcement cooperator constitutes sensitive and private information within the scope of U.S.S.G. § 2B1.1(b)(18)(B) and that application of the enhancement comports with the Sentencing Commission's intent. Also within the scope of the enhancement are the identities, addresses, and phone numbers of individuals alleged by law enforcement to be involved in drug trafficking offenses.

Defendant has admitted that she photographed law enforcement reports containing the full legal names, addresses, phone numbers, and other identifying information of two law enforcement cooperators and other individuals. Dkt. 10, at 18. She further admitted that she shared those photographs with another individual, who disseminated the photographs to other individuals, resulting in the photographs containing the cooperator's personal information to be posted publicly on Facebook. *Id*. at 20. For example, one of the reports photographed by Defendant contained information identifying the name of a law enforcement cooperator, that cooperator's phone number, and the phone numbers of approximately four separate individuals whom the cooperator had identified as sellers and purchasers of controlled substances. Dkt. 21, at 28. Defendant also photographed reports of a search warrant execution, which identified the addresses of six individuals encountered during the execution of the warrant and the phone numbers of two of those individuals. *Id*. at 29-30. Finally, Defendant photographed several pages containing a summary of an

interview with another cooperator who was arrested during the execution of a search warrant. In addition to identifying the individual as someone who was providing information to law enforcement authorities, the report contained the individual's address, marital history, medical history and employment history, as well as the names and addresses of other individuals who were identified by the cooperator as purchasers or sellers of controlled substances. *Id.* at 32-55. Each of these photographs were ultimately posted on a Facebook group page entitled "des moines haterz & snitches," thereby publishing the names and addresses of the two individuals who provided information to law enforcement authorities.

Cooperators' identities are among the most private law enforcement information and they are often, as here, maintained on secure government networks. Due to the extreme risk that cooperators assume, they have an enhanced privacy interest in otherwise publicly available personal information, inasmuch as that information is linked to their status at cooperators. *See* Pub. L. 110-326 § 209 (directing the Sentencing Commission to take into account "[t]he extent to which the offense violated the privacy rights of individuals"). Defendant not only violated the privacy rights of numerous individuals, but she subjected those individuals to harassment and the potential for violence, or worse. The following is a sample of how individuals who apparently know the cooperators responded upon seeing the leaked documents on the Facebook group page:

- "This bitch is a rat, just did a controlled buy on a homie of mine. Stay away from this snake for real."

5

- "Rolling on everyone. That's all bad."
- "Wow [cooperator], wtf, the homies ain't gonna be happy with you."

Additionally, cooperators' decisions to put themselves at serious risk, and indeed law enforcement's ability to benefit from cooperators in general, are premised on the government's promises to keep secret their cooperation as much, and for as long, as possible. Defendant not only jeopardized the narcotics investigations at hand, she potentially hindered the ability of law enforcement to build trust with future cooperators in the Southern District of Iowa. *See* Pub. L. 110-326 § 209 (directing the Sentencing Commission to take into account "[t]he effect of the offense upon the operations of an agency of the United States Government"). Furthermore, to uncover and rectify Defendant's actions, the government was compelled to investigate and prosecute Defendant at additional expense. *See id.*

Accordingly, the two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(18)(B) applies, and the PSR correctly calculates the advisory guidelines in this case as follows:

| | |
|---|---|
| Base offense level (§ 2B1.1(a)(2)) | 6 |
| Offense Involving the Unauthorized Dissemination of Personal Information (§ 2B1.1(b)(18)(B) | +2 |
| Offense Involving a Computer System Used by or for a Government Entity in Furtherance of the Administration of Justice (§ 2B1.1(b)(19)(A)(i)) | +2 |
| Abuse of Position of Trust (§ 3B1.3) | +2 |
| <u>Acceptance (§3E1.1)</u> | <u>-2</u> |
| Total offense level | 10 |
| | |
| Criminal History | I |
| | |
| Guidelines range: 6 to 12 months' imprisonment | |

## THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 6 TO 12 MONTHS' IMPRISONMENT

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

7

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a sentence at the upper end of the guidelines advisory range of 6 to 12 months' imprisonment.

Defendant's offense was serious. Most concerning is that she cavalierly endangered individuals by outing them as cooperators, not vocally in a way that could be dismissed easily, but rather with the weight of official documents bearing the integrity of the federal government. Those documents could have been—and indeed were—spread to an immeasurable audience, serving as hard evidence that could motivate others to harm or kill government cooperators. Although it appears that the cooperators have not been harmed to date, they will forever be branded as "snitches" and carry the associated risk. Furthermore, Defendant abused her public position. In at least some specific narcotics investigations, she weakened the government's ability to function, and, more broadly, she imperiled the government's reputation and attendant ability to work with cooperators in the future, potentially sheathing an effective weapon for law enforcement in the Southern District of Iowa. *See Exhibit A*, Letter from Rich Westphal, Acting United States Attorney for the Southern District of Iowa.

A sentence of 12 months' imprisonment would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to others who may engage in similar criminal conduct.

## CONCLUSION

For the reasons described above, the government respectfully requests that the Court should impose a sentence of 12 months' imprisonment, which is within the guidelines advisory range of 6 to 12 months in prison.

        Respectfully Submitted,

        Corey R. Amundson
        Chief

By:  */s/ Erica O. Waymack*
      Erica O'Brien Waymack
      Matthew Palmer-Ball
      Trial Attorneys
      Public Integrity Section
      U.S. Department of Justice
      1400 New York Ave, NW
      Washington, D.C. 20005
      Tel: (202) 514-1412
      Email: Erica.O'Brien.Waymack@usdoj.gov
            Matthew.Palmer-Ball@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on March 2, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:


\_\_\_\_ U.S. Mail  \_\_\_\_ Fax  \_\_\_\_ Hand Delivery

 X  ECF/Electronic filing  \_\_ Other means (email)


By:  */s/ Erica O. Waymack*